# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Bright Capture LLC,** | |
| Plaintiff, | Case No. 6:23-cv-1 |
| v. | Patent Case |
| **Fyle Technologies Private Limited,** | Jury Trial Demanded |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Bright Capture LLC ("Plaintiff"), through its attorneys, states for its Complaint the following:

## PARTIES

2. Plaintiff Bright Capture LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

3. Defendant Fyle Technologies Private Limited is a corporation organized and existing under the laws of India that, on information and belief, maintains an established place of business at 550, 1th Cross, 2nd Main MICO Layout BTM 2nd Stage, Bangalore, Karnataka – 560076 IN.

## JURISDICTION

1

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because, on information and belief, it has engaged in systematic and continuous business activities in this District. As described below, on information and belief, Defendant has committed acts of patent infringement giving rise to this action within this District.

7. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in and/or directed toward the State of Texas and this District. On information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and within this District.

8. This Court has personal jurisdiction over Defendant under the provisions of the Texas Long Arm Statute and consistent with Constitutional due process by virtue of the fact that, upon information and belief, Defendant has availed itself of the privilege of conducting and soliciting business within this State, including engaging in at least some of the infringing activities in this State, such that it would be reasonable for this Court to exercise jurisdiction consistent

with principles underlying the U.S. Constitution and without offending traditional notions of fair play and substantial justice.

9. Moreover, on information and belief, Defendant has purposefully and voluntarily placed its products into the stream of commerce with the expectation that they will be purchased and used by customers located in the State of Texas. On information and belief, Defendant's customers in the State of Texas have used and continue to use Defendant's infringing products.

## VENUE

10. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, on information and belief, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## THE '070 PATENT

11. Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,693,070 ("the '070 Patent"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '070 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '070 Patent by Defendant.

12.     The '070 Patent is entitled, "Receipts scanner and financial organizer," and issued 2014-04-08. The application leading to the '070 Patent was filed on 2013-01-17. A true and correct copy of the '070 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '410 PATENT

13.     Plaintiff is the assignee of all right, title and interest in United States Patent No. 10,049,410 ("the '410 Patent"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '410 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '410 Patent by Defendant.

14.     The '410 Patent is entitled, "Receipts scanner and financial organizer," and issued 2018-08-14. The application leading to the '410 Patent was filed on 2015-10-08. A true and correct copy of the '410 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

## THE '510 PATENT

15.     Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,746,510 ("the '510 Patent"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '510 Patent. Accordingly, Plaintiff possesses the exclusive

right and standing to prosecute the present action for infringement of the '510 Patent by Defendant.

16.     The '510 Patent is entitled, "Receipts scanner and financial organizer," and issued 2010-06-29. The application leading to the '510 Patent was filed on 2002-01-24. A true and correct copy of the '510 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

### The Asserted Claims are Directed to Eligible Subject Matter

17.     The '070 Patent, the '410 Patent, and the '510 Patent (collectively, "the Patents-in-Suit") issued after a full and fair examination by the USPTO.

18.     The Patents-in-Suit are, and are legally presumed to be, valid, enforceable and directed to patent-eligible subject matter.

19.     The '410 Patent was issue more than four years after the Supreme Court's decision in *Alice v. CLS Bank Int'l*, 573 U.S. 208 (2014).

20.     The USPTO has put in place guidance for examiners to evaluate eligibility considerations. The USPTO, applying those considerations, issued the '410 (and has since issued two other related patents, U.S. Patent No. 10,453,151 (which issued on October 22, 2019) and U.S. Patent No. 11,004,158 (which issued on May 11, 2021).

21. The USPTO's reasons for determining that the '151 Patent (and subsequent related patents) is directed to eligible subject matter apply to the other Patents-in-Suit.

22. The asserted claims of the Patents-in-Suit are directed to technological improvements in computer and scanning technology. For example, the asserted claims provide for scanning a document that has no predefined format.

23. The Patents-in-Suit assert that this and other features of the claimed inventions are directly relevant to technological improvements in computer and scanning technology. *See, e.g.,* '410 patent at 1:7-12; 1:18-33; 1:42-51; 2:33-37; and 4:33-54.

24. This is also reflected in the prosecution history for this patent family. For example, the '510 Patent was allowed based on the Board of Patent Appeals and Interference's decision that the art of record did not disclose processing receipts having no predefined format.

25. The foregoing facts establish that the inventions recited in the asserted claims of the Patents-in-Suit are directed to eligible subject matter.

26. The foregoing facts also establish that the asserted claims are directed to more than the application of an abstract idea using well-understood, routine, or conventional activities. This is reflected, for example, by the fact that the related

'510 patent was allowed based on the recitation of a technological capability lacking in the prior art.

### COUNT 1: INFRINGEMENT OF THE '070 PATENT

27. Plaintiff incorporates the above paragraphs herein by reference.

28. **Direct Infringement**. Defendant has directly infringed, literally or by the doctrine of equivalents, one or more claims of the '070 Patent (e.g., claim 1) by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in Exhibit 4 incorporated into this Count below (among the "Exemplary Defendant Products"), which includes a chart comparing exemplary '070 Patent claims to the Exemplary Defendant Products.

29. Plaintiff therefore incorporates by reference the claim chart of Exhibit 4 into its allegations herein.

30. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '410 PATENT

31. Plaintiff incorporates the above paragraphs herein by reference.

32. **Direct Infringement**. Defendant has directly infringed, literally or by the doctrine of equivalents, one or more claims of the '410 Patent (e.g., claim 1) by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in Exhibit 5 incorporated into this Count below

(among the "Exemplary Defendant Products"), which includes a chart comparing an exemplary '410 Patent claim to the Exemplary Defendant Products.

33. Plaintiff therefore incorporates by reference the claim chart of Exhibit 5 into its allegations herein.

34. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 3: INFRINGEMENT OF THE '510 PATENT

35. Plaintiff incorporates the above paragraphs herein by reference.

36. **Actual Knowledge of Infringement**. Plaintiff provided notice to Defendant of the '510 patent and further provided a claim chart detailing Defendant's infringement thereof by letter dated December 28, 2022, which was received by Defendant prior to the filing of this lawsuit. Therefore, Defendant had actual knowledge of infringement as alleged herein prior to the filing of this Complaint.

37. Despite such actual knowledge, on information and belief, Defendant continues to provide at least the Defendant products identified in the chart incorporated into this Count below (among the "Exemplary Defendant Products") and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the

'510 Patent. See Exhibit 6 (referencing these materials to demonstrate how Defendant induces end users to commit patent infringement).

38. **Induced Infringement**. At least since receiving notice of the '510 Patent and corresponding claim chart, on information and belief, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '510 Patent, literally or by the doctrine of equivalents, by providing Exemplary Defendant Products to its customers for use in end-user products and distributing product literature and website materials inducing end users and others to use its products in a manner that infringes one or more claims of the '510 Patent as set forth in Exhibit 6, which includes a chart comparing exemplary '510 Patent claims (e.g., claim 11) to the Exemplary Defendant Products.

39. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

40. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

41. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '070 Patent, the '410 Patent, and the '510 Patent are valid and enforceable;

B. A judgment that Defendant has infringed one or more claims of the '070 Patent, the '410 Patent, and the '510 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's infringement, up until the date such judgment is entered with respect to the '070 Patent, the '410 Patent, and the '510 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: January 3, 2023        Respectfully submitted,

<u>/s/ Cortney Alexander</u>
Cortney Alexander
Kent & Risley LLC
5755 North Point Pkwy STE 57
Alpharetta, GA 30022
404-855-3867
cortneyalexander@kentrisley.com

**Counsel for Plaintiff**